PER CURIAM.
The trial court denied appellant’s motion to dismiss for lack of personal jurisdiction, and he appeals, arguing that his only activity in Florida was being the holder of a mortgage. At an evidentiary hearing with regard to his activities in Florida, however, there was evidence that he had engaged in a substantial amount of activity in Florida after the mortgagor went into bankruptcy. These activities consisted of entering into a contract relating to the acquisition of the assets of the mortgagor, and then assigning the rights he acquired under the contract to a third party. This suit arises out of that contract. Although the facts were in conflict in regard to where these activities took place, the trial court resolved that conflict against appellant, and that finding is presumed correct. Babson Bros. Co. v. Allison, 298 So.2d 450 (Fla. 1st DCA 1974). We conclude that there was sufficient evidence of Florida activity by appellant to satisfy both the Florida long-arm statute and the due process clause of the Federal Constitution. We therefore affirm.
KLEIN, STEVENSON and SHAHOOD, JJ., concur.